# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TREVOR FERNANDO MARTIN,

        Defendant-Appellant.

UNPUBLISHED
July 24, 2018

No. 337757
Wayne Circuit Court
LC No. 16-006136-01-FC

Before: BORRELLO, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant, Trevor Martin, appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder, MCL 750.84, intentional discharge of a firearm at a dwelling causing serious impairment, MCL 750.234b(4), carrying a firearm with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

On May 19, 2016, Clifton Anderson heard someone knock on his front door around 3:00 a.m. He looked out the peephole and saw a tall man with a black hoodie drawn tightly around his face. Because he did not recognize the man, he told the man he could not come inside and he did not open the door. Anderson returned to his bedroom. About five minutes later, he heard another knock at the door. Through the door, he heard someone say "Block, open the door. This is Trevor." Anderson testified that he recognized the voice as belonging to Martin. He opened the door a crack and observed that Martin had a shotgun. He also spotted another man on the porch. Anderson believed that he spent about two minutes looking at the two men. He testified that Martin then shot him in the leg with the shotgun. Anderson managed to close the door and retreat to his bedroom. He heard additional shots, but was not hit again. When the police arrived, Anderson identified Martin as the person who shot him. A few days later, he identified Martin in a photograph shown to him by a police detective.

At trial, Martin presented an alibi defense. The jury, however, rejected his defense and convicted him of assault with intent to do great bodily harm less than murder, intentional discharge of a firearm at a dwelling causing serious impairment, carrying a firearm with unlawful intent, and felony-firearm. The jury acquitted him of a charge of assault with intent to

-1-

commit murder, MCL 750.83, and a charge of intentional discharge of a firearm at a dwelling causing physical injury, MCL 750.234(b). This appeal follows.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Martin argues that there was insufficient evidence to support his convictions because Anderson's identification testimony lacks credibility. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Reviewing the evidence in a light most favorable to the prosecution, this Court asks whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002).

### B. ANALYSIS

Martin argues that the evidence was insufficient to support his convictions because "it is not credible that [Anderson] would be able to hear three words . . . through the walls of the house and make an identification." "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Here, Anderson testified that he recognized Martin's voice through the door, and there was testimony that he had known Martin his entire life. Anderson also identified Martin as the person with the shotgun who shot him in the leg. Although his identification testimony was impeached by the defense, based on the testimony presented, the jury was free to find that he had, in fact, credibly identified Martin as his assailant. It is the role of the factfinder, rather than this Court, to determine the weight of the evidence and the credibility of witnesses. *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000). Further, the accuracy of identification testimony is the province of the jury, so whether Martin was the shooter was a question for the jury to resolve. See *People v Smith*, 243 Mich App 657, 680; 625 NW2d 46 (2000). Therefore, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could reasonably conclude that Martin shot Anderson in the leg.

## III. GREAT WEIGHT OF THE EVIDENCE

### A. STANDARD OF REVIEW

Martin also argues that his convictions are against the great weight of the evidence because the identification testimony was "inherently implausible." Because he did not move for a new trial, this issue is unpreserved. See *People v Lopez*, 305 Mich App 686, 695; 854 NW2d 205 (2014). This Court reviews an unpreserved challenge "to the great weight of the evidence for plain error affecting the defendant's substantial rights." *Id.*

### B. ANALYSIS

A new trial may be granted on all, or some, of the issues if the verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e); *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998). The relevant inquiry "to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be

a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *Id*. Here, Martin cursorily contends that the verdict was against the great weight of the evidence because it is implausible that Anderson was able to identify his assailant "upon hearing a few words through a closed door." However, as that presents nothing more than a challenge to Anderson's credibility, Martin has not established that the verdict was against the great weight of the evidence. "Conflicting testimony, even when impeached to some extent," does not warrant a new trial. *Id*. at 469-470.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Mark T. Boonstra